IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE WILLIAMS,

        Plaintiff,                    No. 2:13-cv-0191 EFB P

    vs.

SOLANO COUNTY JAIL, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). To proceed with a civil action a plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis. Plaintiff has neither paid the fee nor submitted a proper application for leave to proceed in forma pauperis.

        Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).

The court has reviewed plaintiff's complaint pursuant to § 1915A.  Because plaintiff did not exhaust available administrative remedies prior to commencing this action, the court finds that this action must be dismissed. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statue makes exhaustion a precondition to *suit*.").  A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

Plaintiff filed his complaint in January 2013 and alleges that defendants failed to protect him from an attack in that same month.  Dckt. No. 1 (Complaint).  Plaintiff checked the boxes on his form complaint indicating that the administrative exhaustion process is available to him, but

1  that he has not yet filed a grievance, and that the process has not been completed. *Id.* § II. To

2  explain why he has not yet filed a grievance, plaintiff writes, "I don't think it matter[s] . . .

3  because I can't be heard by this staff." *Id.*

4      Plaintiff's apparent belief that exhaustion would be futile does not excuse him from the

5  exhaustion requirement. *See Booth*, 532 US at 741 n. 6 (stating courts should not read "futility

6  or other exceptions" into § 1997e(a)). Moreover, the "exhaustion requirement does not allow a

7  prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his

8  administrative remedies while his case is pending." *Rhodes*, 621 F.3d at 1004 (citing *McKinney*,

9  311 F.3d at 1199).

10      Given plaintiff's concession that he did not properly exhaust available administrative

11  remedies, coupled with the unlikelihood of proper exhaustion given the given the timing of the

12  complaint relative to his allegations, the court finds that plaintiff did not exhaust his

13  administrative remedies prior to filing suit. Consequently, this action must be dismissed.[1] *See*

14  *Wyatt*, 315 F.3d at 1120.

15      Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice

16  for failure to exhaust administrative remedies prior to filing suit.

17  Dated: February 11, 2013.

18

19                              EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.